# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IDRIS ABDUS SABER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-4149 |
| | : | |
| WELLS FARGO HOME MORTGAGE, | : | |
|     Defendant. | : | |

## MEMORANDUM

**BEETLESTONE, J.**                                                                                                   **OCTOBER    , 2018**

      Plaintiff Idris Abdus Saber filed a Motion to Proceed *In Forma Pauperis* and a "Complaint for Interpleader and Declaratory Relief," using a form complaint, against Wells Fargo. (ECF Nos. 1 & 2.) For the following reasons, the Court will grant Saber leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to him filing an amended complaint.

    **I.**     **FACTS**

      Saber's Complaint is unclear, but it appears he is claiming that Wells Fargo is improperly attempting to collect a mortgage from him. In the portion of the form complaint that asks Saber to describe the property in question and state why each defendant claims an entitlement in the property, Saber alleges that 147 West Harvey Street in Philadelphia "IS A RESIDENTIAL PROPERTY PURCHASED ON 21 APRIL 2014." (Compl. ECF No. 2 at 8.)[1] Saber adds that the property was "PURCHASED WITH THE PLAINTIFF NEIGOTABLE [SIC] INSTRUMENT 'NOTE' IN THE AMOUNT OF $282,112.00" but that "THE DEFENDANT

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

ALLEGES THAT THEY PURCHASED THE PROPERTY WITH THERE [SIC] FUNDS AND IN RETURN GAVE A LOAN TO THE PLAINTIFF UNDER A MORTGAGE." (*Id.*)

In the section of the form interpleader complaint that asks Saber to explain why he is entitled to the property and why he cannot determine which claims are valid without exposing himself to double litigation, Saber alleges that his signature "MONETIZED THE ORIGINAL NOTE AT A 100% AND PURCHASED THE PROPERTY." (*Id.*) He then alleges that Wells Fargo "TOOK THE BANK CHECK AND [IS] TRYING TO FORCE THE PLAINTIFF TO PAY A DEBT WITH INTEREST" and that Wells Fargo is "COMMITTING FRAUD BECAUSE THEY DID NOT GIVE THERE [SIC] FUNDS AS A LOAN TO THE PLAINTIFF TO PURCHASE THE PROPERTY." (*Id.*)

As relief, Saber checked all of the boxes on the form complaint. Those include requests that "[e]ach defendant be restrained from instituting any action against the plaintiff for recovery of the property or any part of it," and that "[t]he defendants be required to interplead and settle among themselves their rights to the property." (*Id.* at 9.)

## II. STANDARD OF REVIEW

Saber is granted leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. As Saber is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. That provision require the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal, the Complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As

Saber is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Additionally, Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

"The federal interpleader statute, 28 U.S.C. § 1335 . . . , is a remedial device which enables a person holding property or money to compel two or more persons asserting mutually exclusive rights to the fund to join and litigate their respective claims in one action." *NYLife Distributors, Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 374 (3d Cir. 1995). "Actions under the federal interpleader statute tend to proceed in two stages. First, the Court determines whether the statute's requirements have been met and whether the stakeholder may be relieved from liability." *Phoenix Ins. Co. v. Small*, 307 F.R.D. 426, 429 (E.D. Pa. 2015). "Second, the Court adjudicates the adverse claims to the interpleaded *res*." *Id.*

This case is not properly categorized as an interpleader. Saber is not seeking to compel litigation between two or more other individuals with claims to his property. Rather, he is seeking to litigate a dispute with Wells Fargo regarding the validity of a mortgage. Accordingly, this case may not be pursued under the Court's interpleader jurisdiction.

Although the Court understands Saber to be challenging Wells Fargo's efforts to collect on a mortgage, the factual basis for his claims is unclear, perhaps in part because he used the incorrect form complaint to pursue his claims. Accordingly, it is difficult to discern what, if any, federal or state cause of action Saber might be able to pursue here. As a result, it is also difficult to determine the basis for the Court's jurisdiction. Saber will therefore be given leave to file an amended complaint so that he can clarify the basis for his claims.

## IV. CONCLUSION

Although the Court will dismiss the Complaint for the reasons above, Saber will be given leave to file an amended complaint in the event he can state a timely claim within the Court's jurisdiction. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**
_____
**WENDY BEETLESTONE, J.**